UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TIMOTHY D. JONES, | ) |
| Petitioner, | ) |
| v. | ) No. 4:16-cv-04139-SLD |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

ORDER

Petitioner Jones challenges his guilty plea to receipt, 18 U.S.C § 2252A(a)(2)(A), and possession, 18 U.S.C. § 2252A(a)(5)(B), of child pornography. *See United States v. Jones*, No. 14-cr-40086 (C.D. Ill. 2015).   He does so pursuant to 28 U.S.C. § 2255.   Before the Court are the government's Motion for Order, ECF No. 9; Jones's "Motion for Request," ECF No. 11; his Motion for Order, ECF No. 12; and his Request for Evidentiary Hearing, ECF No. 13.   For the following reasons, the government's Motion for Order is GRANTED.   Jones's "Motion for Request" is GRANTED IN PART and DENIED IN PART as explained herein.   His Motion for Order is DENIED, and the court declines to rule at this time on his Motion for Evidentiary Hearing.

I.   **Government's Motion for Order**

The government asks the Court to order Jones's former defense attorney in the criminal proceeding that led to his guilty plea, Attorney George Taseff, to submit to the United States Attorney's office an affidavit addressing Jones's claims against him.   (Jones alleges that Attorney Taseff provided ineffective legal assistance at and after the suppression hearing in his criminal

1

case.  *See* Am. Petition 1–6, ECF No. 8.)   The government contends that, while attorney-client privilege would normally operate to protect Taseff's conversations with Jones while representing him, Jones's present claims constitute a waiver of the privilege.  Mot. Order 3–4.  Jones has not directly responded to the government's motion, although in his motion requesting an evidentiary hearing, he asserts that certain of his allegations about Attorney Tasseff's performance might be "[p]roven . . . by affidavit from Attorney Taseff," Mot. Hearing 1, suggesting that he does not in principle oppose the production of such a document.

The government previously moved for such an order, ECF No. 6, a request that the Court denied via text order on September 14, 2016.  In that Order, the Court raised concerns about possible infringement upon Jones's attorney-client privilege.  Later, in granting a motion for extension of time to respond to Jones's petition, the Court directed the Clerk to send Attorney Taseff a copy of the docket and the government's motion, to which he might respond if he wished. Sept. 22, 2016 Text Order.   In its renewed motion, the government points out that many other courts in the Seventh Circuit have granted such orders, and that an order tailored closely enough to the scope of Jones's waiver will not run the risk of infringing on the privilege.   *Id.* at 5–6.  The government further argues that that production of such an affidavit in response to a court order, rather than to a direct request from the government, will allow for some degree of judicial supervision and promote transparency.  *Id*.

Many federal circuits have held that a petitioner for relief from a criminal judgment under section 2255 waives his attorney-client privilege as to the communications alleged to have been materially ineffective.  *See United States v. Pinson*, 584 F.3d 972, 977–78 (10th Cir. 2009) (collecting controlling authority from the Fifth, Sixth, Eighth, Ninth, and Eleventh Circuits).

2

While no such definitive precedent exists in this Circuit, district courts routinely cite *Pinson* and issue orders to former defense counsel to produce affidavits to the extent that a habeas petitioner has waived the privilege. *See James v. United States*, No. 13-CV-1396, 2013 WL 5835903, at *1 (C.D. Ill. Oct. 30, 2013) (collecting cases). Here, Jones has made numerous allegations that Attorney Taseff offered him advice that was legally deficient. *See* Am. Petition 1–6. The Court finds that Jones has waived his attorney-client privilege as to certain of his communications with Attorney Taseff, and grants the government's motion for an order directing Attorney Taseff to submit an affidavit, as detailed below.

## II.   Remaining Motions

Jones's "Motion for Request" addresses his concern that the Court will find he has failed to raise on direct appeal the claims contained in his petition, and has thus procedurally defaulted them. Mot. Request 1; *see Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003). To the extent that Jones wishes the Court to consider his arguments in support of his Amended Petition, the court will consider them, and grants his request that they be considered. To the extent that he seeks a preliminary or declaratory judgment on the question of procedural default, the Court declines to rule at this time, and denies Jones's motion, as the government has not yet responded to the Amended Petition, and the matter is not fully briefed.

Jones requests an evidentiary hearing. 28 U.S.C. § 2255(b) provides:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

The Seventh Circuit has held that a hearing need only be conducted "when the petitioner 'alleges facts that, if proven, would entitle him to relief.'" *Kafo v. United States*, 467 F.3d 1063, 1067 (7th

Cir. 2006) (quoting *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001)).   As the matter is not yet fully briefed, the Court declines to rule at this time on Jones's motion.

## CONCLUSION

Accordingly, the government's Motion for Order, ECF No. 9, is GRANTED as follows.

The Court HEREBY FINDS that the factual representations made by the government in its motion are credible and, therefore, incorporates those facts in this Order;

The Court FURTHER FINDS that the defendant has waived his attorney-client privilege with respect to any and all communications between him and Mr. Taseff relating to (i) the application of *United States v. Slaight*, 620 F.3d 816 (7th Cir. 2010), to Jones's suppression motion; (ii) whether Jones would testify at the suppression hearing; (iii) potential suppression hearing witnesses or evidence regarding the room and doorway in Jones's apartment where he spoke with officers; (iv) Jones's argument regarding the officers' jurisdiction and authority; (v) dismissal of Jones's appeal; and (vi) counsel's offer to testify at a hearing on Jones's § 2255 motion.

IT IS HEREBY ORDERED that within 14 days of the entry date of this Order, Mr. Taseff shall submit to the United States Attorney's Office, Central District of Illinois, an affidavit addressing the petitioner's claims in his § 2255 motion and supporting documents.

IT IS FURTHER ORDERED that the government shall include a copy of counsel's affidavit with its response in opposition to the petitioner's § 2255 motion and shall include a copy of the affidavit in the response served on the petitioner.

The Clerk is directed to send a copy of this order to Attorney Taseff.

Jones's "Motion for Request," ECF No. 11, is GRANTED IN PART and DENIED IN

PART as explained herein.   Jones's Motion for Order, ECF No. 12, is DENIED, and the court declines to rule at this time on his Motion for Evidentiary Hearing, ECF No. 13.


ENTERED: _____November 7, 2016_____


_____s/Sara Darrow_____<br>SARA DARROW<br>UNITED STATES DISTRICT JUDGE