UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

TIMOTHY D. JONES,                    )
                                     )
          Petitioner,                )
                                     )
v.                                   )          No. 4:16-cv-04139-SLD
                                     )
UNITED STATES OF AMERICA,            )
                                     )
          Respondent.                )
                                     )

## ORDER

Before the Court are Petitioner Jones's amended motion to set aside his conviction pursuant to 28 U.S.C. § 2255, ECF No. 8; his motion to request an evidentiary hearing, ECF No. 13; his motion for an order denying the government's request for an extension of time to respond, ECF No. 15; his motion requesting summonses, ECF No. 16; and his motion to expedite the government's response to his § 2255 motion, ECF No. 20.   For the following reasons, his motion to vacate his sentence is DENIED, and all the other motions are MOOT.

## BACKGROUND[1]

On August 5, 2014, Jones was at the Aldi's grocery store in Silvis, Illinois.   A mother of two young girls who was waiting in the check-out lane with her daughters noticed Jones recording her children.   She confronted him and he left; she called the police.   Some days later, on August 31, 2014, in response to the incident, police officers approached Jones at his apartment in East Moline, Illinois.   They asked him if they could check his cellular phone to see if it contained

---

[1] Citations to the docket in the district court proceedings that resulted in Jones's conviction, *United States v. Jones*, 4:14-cr-40086-SLD-1 (C.D. Ill. 2015) are made in the format "CR ECF No. __."   The facts related here are, unless otherwise noted, drawn from the government's response to Jones's § 2255 motion, ECF No. 21, and from the revised presentence investigation report prepared in advance of Jones's sentencing hearing, CR ECF No. 17.

1

images of the girls at the store, or other minors.   Jones unlocked his phone and gave it to the officers, who found records of conversations between Jones and another person in which Jones had viewed images of female children engaged in sex acts.   When confronted with this material, Jones admitted to receiving the images.

Jones was charged by federal indictment on December 17, 2014 with (I) receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1); (II) possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2); and a forfeiture allegation. Indictment 1–3, CR ECF No. 1.   On April 23, 2015, Jones moved to suppress the evidence seized from his phone, and the statements he had made about it.   Mot. Suppress 1, CR ECF No. 7.   A hearing on the motion was held on May 19, 2015, and the motion was denied, with the exception of a jurisdictional issue, which the Court directed Jones's counsel to address via motion unless it would not be pursued.   May 19, 2015 CR Minute Entry.   On July 23, 2015, Jones entered a plea of guilty as to both counts of the indictment and the forfeiture allegation, Jul. 23, 2015 CR Minute Entry, and on November 19, 2015 the Court sentenced Jones to 240 months of incarceration on each count, to be served concurrently, and a lifetime of supervised release to follow, Nov. 19, 2015 CR Minute Entry.   Judgment entered on November 23, 2015.   Judgment, CR ECF No. 21.

Jones entered a notice of appeal on November 23, 2015, Not. Appeal, CR ECF No. 24. However, he voluntarily dismissed the appeal on January 11, 2016.   USCA Mandate, CR ECF No. 31.

Jones filed an application to vacate his sentence pursuant to 28 U.S.C. § 2255 on July 21, 2016.   ECF No. 1.   The Court granted Jones's motion to amend the application, resulting in the amended application currently before the Court, filed on September 8, 2016.   Because Jones

raised as a ground for relief from his sentence the ineffectiveness of his counsel, the Court found

that he had waived his attorney-client privilege as to the relevant communications with his

attorney at the time, George Taseff of the Federal Public Defender's office, and directed Taseff to

submit an affidavit to the United States Attorney's office addressing Jones's claims.   Nov. 7, 2016

Order 1–4, ECF No. 17.   The government responded to Jones's application on December 15,

2016.   ECF No. 21.

## DISCUSSION

### I.      Legal Standard on a Motion to Vacate Sentence Under 28 U.S.C. § 2255

28 U.S.C. § 2255, "the federal prisoner's substitute for habeas corpus," *Brown v. Rios*, 696

F.3d 638, 640 (7th Cir. 2012), permits a prisoner incarcerated pursuant to an Act of Congress to

seek that his sentence be vacated, set aside, or corrected if "the sentence was imposed in violation

of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose

such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise

subject to collateral attack[.]"   28 U.S.C. § 2255(a).   *See Webster v. Daniels*, 784 F.3d 1123,

1124 (7th Cir. 2015) ("As a rule, the remedy afforded by section 2255 functions as an effective

substitute for the writ of habeas corpus that it largely replaced.").   However, "[a] claim cannot be

raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal

[and was not]."   *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016) (citing *Sandoval v.*

*United States*, 574 F.3d 847, 850 (7th Cir.2009)), *cert. denied*, 137 S. Ct. 260 (2016).   Such

procedurally defaulted claims may only be raised on collateral attack if an applicant can show

good cause for the omission, and that he was prejudiced thereby.   *Torzala v. United States*, 545

F.3d 517, 522 (7th Cir. 2008).

When presented with a § 2255 motion, a district court must hold an evidentiary hearing on the applicant's claim, and make findings of fact and conclusions of law.   28 U.S.C. § 2255(b). However, "[i]t is well-established that a district court need not grant an evidentiary hearing in all § 2255 cases."   *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015).   The court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."   28 U.S.C. § 2255(b).

## II.    Analysis

Jones argues that his conviction should be set aside because his counsel was ineffective. Am. Pet. 3–4.2   In support, Jones makes six principal claims:

1. That counsel failed to make arguments consistent with *United States v. Slaight*, 620 F.3d 816 (2010), but should have because the case was factually analogous, Am. Pet. 3;

2. That counsel failed to "put [Jones] on the stand to tell his side of the facts," *id.*;

3. That counsel possessed but failed to present exculpatory evidence acquired after the suppression hearing, *id.* at 3–4;

4. That counsel failed adequately to make the argument that officers involved in the investigation of his case had exceeded their jurisdiction, *id.* at 4;

5. That counsel advised Jones to dismiss his appeal because he would not be able to present the aforementioned exculpatory evidence in that forum, *id.* at 33;

6. That counsel indicated he would "testify to being ineffective before the court to strengthen the acceptance of his 2255 Motion," *id.*

The government responds that Jones's application for § 2255 relief must be denied in its entirety

---

2 Jones's Amended Petition contains pages that he has numbered by hand, but the sequence frequently restarts and some pages are numbered twice; for clarity, the numbers cited here correspond to those assigned to the entire filing by the CM-ECF system.

because insofar as he seeks to challenge his guilty plea on grounds not resulting from alleged ineffective assistance of counsel, he has procedurally defaulted those claims, Resp. 8–10; because his counsel was not ineffective in any of the ways he claims, *id.* at 10–21; and that Jones is not entitled to an evidentiary hearing, *id.* at 21–22.

The government is correct that Jones cannot assail his conviction for the first time in his current collateral attack, since he dismissed his direct appeal, unless he can both show good cause why the claims he now wants to make were not raised on direct appeal, and also can show that the failure to raise the claims prejudiced him. *Hale v. United States*, 710 F.3d 711, 713 (7th Cir. 2013); *Gant v. United States*, 627 F.3d 677, 683 (7th Cir. 2010). The government argues that, as to any claims Jones seeks to bring that he says were not the result of ineffective assistance of counsel, he should be held to a higher standard than a mere showing of good cause for having defaulted them, Resp. 10, because he voluntarily dismissed his appeal. The Court need not address the issue, however, because *all* of Jones's arguments, as summarized above, depend on purported evidence that counsel did not present, or arguments counsel failed to make. Jones also appears to attribute his decision to dismiss his appeal to ineffective assistance. Counsel's alleged ineffectiveness is the reason Jones offers for not having made every argument initially he now seeks to make, and also for not having raised those arguments on appeal. All of his claims, in other words, are wrapped up in the argument about ineffective assistance of counsel, and, as the government acknowledges, criminal defendants have a constitutional right to effective assistance of counsel, and "[a]ttorney error that constitutes ineffective assistance of counsel is cause to set aside a procedural default." *Franklin v. Gilmore*, 188 F.3d 877, 883 (7th Cir. 1999). Indeed, "[i]n light of the way our system has developed, in most cases a motion brought under § 2255 is

preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 505 (2003).

Whether an attorney has rendered ineffective assistance sufficient to set aside a procedural default is evaluated under the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). The test requires a petitioner to show "(1) that his counsel's performance was so deficient as to fall below an objective standard of reasonableness under 'prevailing professional norms'; and (2) that the deficient performance so prejudiced the defense as to deny the defendant a fair trial." *Lee v. Davis*, 328 F.3d 896, 900 (7th Cir. 2003) (quoting *Strickland*, 466 U.S. at 687–88). The performance standard gives a wide latitude of permissible attorney conduct, and a prisoner 'must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Washington v. Smith*, 219 F.3d 620, 627 (7th Cir. 2000) (quoting *Strickland*, 466 U.S. at 689). Since a prisoner must succeed in showing both deficient performance and prejudice "[w]hen applying *Strickland* to the facts of a particular case, 'there is no reason for a court . . . to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.'" *McDaniel v. Polley*, 847 F.3d 887, 893 (7th Cir. 2017) (quoting *Strickland*, 466 U.S. at 697) (alteration in original). The Court considers each of Jones's arguments for ineffectiveness below.

a. **Failure to Make Arguments Consistent with *Slaight***

Jones argues that counsel should have made arguments that were made in *United States v. Slaight*, 620 F.3d 816 (2010), because "the facts were relatively the same." Am. Pet. 3. The government responds that counsel in fact made the sort of arguments Jones appears to be suggesting he should have advanced, and that *Slaight* was factually dissimilar in any event. Resp.

12–13.   The government is correct.

In *Slaight*, Rock Island police officers entered a man's house with guns drawn pursuant to a warrant to seize his computer to search for suspected child pornography.   620 F.3d at 817–18. They did not have a warrant for the suspect's arrest.   They suggested that he come to the police station to talk with them; they offered to meet him there, knowing that his license had been suspended, and instead drove him there themselves; they then interrogated him in a "tiny windowless interview room at the police station," all the while asserting that he was not under arrest.   *Id.* at 818.   The Seventh Circuit reversed the district court's determination that this final interrogation at the police station had been noncustodial, and thus had not required the administration of the admonitions mandated for such interviews by *Miranda v. Arizona*, 384 U.S. 436 (1966).   The appellate court determined that under such patently coercive circumstances, officers' explicit statements that the defendant was not under arrest were a mere form of words confected to avoid having to give the warnings—"ingenious, pertinacious, but ultimately (as it seems to us) transparent efforts to disguise a custodial interrogation as noncustodial."   *Slaight*, 620 F.3d at 817.

*Slaight* was thus different from the circumstances presented here, as Jones's counsel had reason to know quite well, since, as he and Jones both note, he also served as defense counsel in *Slaight*.   *See* Taseff Aff. 4, Resp. Ex. A, ECF No. 21-1.   As counsel and the government separately observe, the whole drift of the suppression motion in Jones's case was to exclude the statements Jones made when the officers spoke to him at his house on the theory that he would not have felt free to leave in that setting, and was not Mirandized.   Resp. 12.   The Court considered and rejected this argument.   *Id.*   By the time Jones was taken to the police station, he was in

custody, and was duly Mirandized. Counsel made the argument that conformed to the circumstances of Jones's case, not the inapposite argument of *Slaight*, in which the question was whether *Miranda* warnings were required in a police-station interview that officers claimed was voluntary. Counsel was not ineffective for not making that argument.

**b. Counsel's Advice to Jones not to Testify at the Suppression Hearing**

Jones claims that counsel should have "put [him] on the stand," Pet. 26, so that he could "make a statement under oat [sic] of the events from his side of what really happened that day," *id.* Jones does not explain how this version would have been different from that offered by the officer who testified, or how it would have affected the outcome of the suppression hearing. The government responds that Jones does not explain how his testimony would have mattered in light of the fact that the Court found the officer's testimony "very credible," Resp. 14, and opines that counsel's affidavit shows that counsel's advice that Jones not testify was correct, not deficient.

The right to testify in one's own behalf is "one of the rights that are essential to due process of law in a fair adversary process." *Rock v. Arkansas*, 483 U.S. 44, 51 (1987) (internal quotation marks omitted). Accordingly, courts have frequently held that incorrect advice that induces a defendant not to testify can constitute ineffective assistance. *See Starkweather v. Smith*, 574 F.3d 399, 403 (7th Cir. 2009) (collecting cases). Here, Jones is not contesting that counsel somehow coerced or duped him into not testifying; merely, that counsel advised that he not testify, and that Jones now thinks that testifying would have been a good idea. Jones cannot overcome the broad presumption in favor of the reasonableness as legal strategy of his counsel's advice, however, in part because he does not explain why testifying was a good idea, and because his attorney explains his sound strategic reasons for advising Jones not to testify. Counsel states that he "specifically

recall[s] telling Mr. Jones that [he] was deeply concerned that in view of [the testifying officer's] testimony that Mr. Jones had deactivated the security feature on his phone and had shown Officer Robinson the contents of the 'Kik' file, that the Court would be inclined to accept Robinson's testimony over Mr. Jones', and that Mr. Jones would then be at risk of being assessed an obstruction of justice enhancement at sentencing."   Taseff Aff. 5.   Counsel was not ineffective for so advising Jones.

### c.  Counsel's Decision Not to Present Evidence

Jones alleges that counsel was ineffective because he did not "bring all of the evidence he had before the courts, he in fact with held [sic] pictures and testimony which could of [sic] played a crucial part in the judges [sic] decision of the case before her, this evidence would prove that the governments [sic] witnesses were untruthful[.]"   Pet. 3.   The government responds that the evidence in question would not necessarily have cast any doubt on the credibility of the officer witness, and that, in addition, counsel had sound strategic reasons for not offering it.   Resp. 15–17.

Jones does not explain what the evidence in question is or how it would have discredited the government's witness.   His attorney is more illuminating.   Counsel explains that after the suppression hearing, on June 23, 2015,[3] he instructed his office investigator to photograph the apartment where the initial conversation with Jones had occurred, and to interview any witnesses. Taseff Aff. 6.   The investigator took photographs and conducted interviews with the occupants that showed that a wooden door was in place between the living room area and the room where the officer had interviewed Jones.   *Id.* at 7.   The interview also revealed information about Jones's activity with his own cell phone and one of the occupants' that "could tend to incriminate Mr.

---

3 Counsel states the date as June 23, 2014; presumably the date is off by one year.

Jones in other matters." *Id.* Counsel then met with Jones and explained that in his view, the information in the report had no chance of changing the Court's determination on the suppression motion, and seriously risked disclosing adverse information to government prosecutors. *Id.* at 8. Jones offers nothing to call this account into question. Given that the persons to whom the investigator spoke also indicated that the door had been open while the officer spoke with Jones, their testimony is not likely to have been inconsistent with the officer's, which the Court found credible, and, as Jones's counsel determined, had little likelihood of altering the outcome of the Court's determination on suppression. Additionally, the risk of adverse information coming to light more than justified counsel's position that seeking to reopen the request for suppression was inadvisable. This determination was not ineffective.

### d. Counsel's Decision not to Pursue the Argument that Police Officers Exceeded the Scope of Their Jurisdiction

Jones claims that counsel was ineffective for failing to pursue an argument, raised initially at the suppression hearing, that the police officer who spoke with Jones in his apartment was not an East Moline police officer, and thus in some way outside the scope of his jurisdiction. Pet. 4. The government responds that counsel raised the argument initially at the suppression hearing, and that the Court reserved ruling on the matter then, instead directing counsel to indicate whether he wished to pursue it further. Resp. 18. Upon further research, the government argues, counsel found the argument to lack merit, and determined not to pursue it further. *Id.*

The government is correct that counsel's determination was not ineffective. As counsel explains, he was initially concerned that the investigating officers in the case lacked the authority to investigate and serve a "no trespass" order on Jones. Taseff Aff. 8. However, as counsel discovered upon researching the issue further at the Court's direction, the officers' action was

wholly legal. *See* Taseff Aff. 8; 65 ILCS 5/7-4-8; *People v. Harrell*, 975 N.E.2d 624 (Ill. App. Ct. 2012) ("[A]n officer has the authority to arrest a defendant when the defendant is in a municipality that is in the same county as the officer's jurisdiction." (quoting *People v. Kirvelaitis*, 734 N.E.2d 524, 527 (Ill. App. Ct. 2000))). As the government observes, defense counsel is not required to pursue baseless legal arguments; rather, he is bound not to. *Rodriguez v. United States*, 286 F.3d 972, 985 (7th Cir. 2002) ("Failing to raise [an] argument, when it was likely to fail, cannot be deemed to be unreasonable behavior by an attorney.").

### e. Counsel's Advice that Jones Dismiss his Appeal

Jones claims that after his initial appeal had been filed, counsel visited him in prison and "instructed him to dismiss his appeal because if he proceeded, his issue of Newly Discovered Evidence would be barred from being able to argue." Pet. 35. It is unclear whether Jones raises this point in an attempt to show that counsel was ineffective and that he was prejudiced thereby; in an abundance of caution, the Court addresses it as if it were. The government responds that counsel merely indicated to Jones that he could discern no non-frivolous issue to argue on appeal and would therefore have to withdraw if Jones proceeded with the appeal, and that if Jones wished to bring a claim of ineffective assistance, he would need to do so via a petition under 28 U.S.C. § 2255. This is not ineffective assistance, the government argues.

The government is correct. Counsel states that he visited Jones at FCI Pekin and explained that he would have to withdraw because no non-frivolous issues existed to challenge on appeal. Taseff Aff. 10. Jones does not contest this version of events, and in any case there is no way that he could have been prejudiced by counsel's advice that no non-frivolous issue existed for appeal; he does not identify any such issue now, and the only claim that he sought or seeks to

11

bring—ineffective assistance of counsel—was and is properly raised via § 2255 motion, as it has been raised. *See Massaro*, 538 U.S. at 505. No prejudice accrued to Jones, and counsel was not ineffective.

### f. Counsel's Purported Willingness to Testify to Being Ineffective

Finally, Jones asserts that counsel indicated a willingness to testify to having been ineffective. Pet. 33. The argument, if it is that, is easily disposed of. Counsel strenuously contests the assertion, Taseff Aff. 10–11, and in any event, even had counsel indicated a willingness so to testify, Jones presents no evidence, as explained above, to suggest that such testimony would be convincing. Jones's assertion that counsel indicated he would testify in this way does not support a claim of ineffective assistance of counsel.

In sum, all of Jones's arguments that his counsel was ineffective fail, and so, as a consequence, does his claim that he should be permitted to raise procedurally defaulted claims, or that his sentence should be vacated. His § 2255 petition is denied. Furthermore, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), so there is no need to hold an evidentiary hearing. Jones's request for one, and his other procedural motions still pending, are moot.

One matter remains. A petitioner may only appeal a district court's final order on a § 2255 proceeding if a certificate of appealability issues. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003). When a district court enters a final order adverse to the applicant, it must issue or deny a certificate of appealability. 2254 R. 11(a). A certificate of appealability will issue only for those matters upon which "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). To make such

a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1046 (7th Cir. 2001). The Court finds that reasonable jurists could not debate whether Jones's counsel was ineffective, or whether he has shown any other basis upon which a § 2255 motion should be granted. No certificate shall issue.

## CONCLUSION

Accordingly, Petitioner's amended motion to set aside his conviction pursuant to 28 U.S.C. § 2255, ECF No. 8, is DENIED, and his other motions, ECF Nos. 13, 15, 16, and 20 are MOOT. A certificate of appealability is DENIED. The Clerk is directed to enter judgment and close the case.


Entered this 6th day of June, 2017.


_____
         s/Sara Darrow
       SARA DARROW
UNITED STATES DISTRICT JUDGE